UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLIANT, LLC, a Wyoming limited liability company,<br><br>      Plaintiff,<br><br>      v.<br><br>JOHN "ESTY" McCOY, an individual; FLUID CHARGE, LLC, a Dissolved Maryland limited liability company; LEESBURG PIKE PARTNERS, LLC (MARYLAND), a Maryland limited liability company; ZACH LAPOLE, an individual; GAGE EVANS, an individual; CHRISTY MILTON, an individual; and TRACER PAYMENTS, LLC, a Texas limited liability company,<br><br>      Defendants. | Case No. 1:25-cv-00143-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are motions for attorneys' fees filed by Defendants Gage

Evans, Zach Lapole, Christy Milton, and Tracer Payments, LLC. *See* Dkts. 65, 66,

67. For the reasons explained below, the Court will deny the motions.

## BACKGROUND

In January 2026, this Court granted all defendants' motions to dismiss this

case for lack of personal jurisdiction. The dismissal was without prejudice,

MEMORANDUM DECISION AND ORDER - 1

however, and Alliant is free to refile its case in another jurisdiction. Indeed, in deciding the motions to dismiss, the Court explicitly noted that it would have preferred to transfer the action to the Eastern District of Virginia rather than dismiss it. *See Jan. 2, 2026 Order,* Dkt. 63, at 2-3. But Alliant had not requested a transfer in lieu of dismissal, so the issue hadn't been briefed. Further, the case involves multiple defendants located in multiple states and there is no consensus as to where jurisdiction lies. Accordingly, the Court dismissed the case without prejudice, leaving it to the plaintiff to decide how to proceed. Having obtained this non-merits, preliminary victory, the moving defendants ask the Court to declare them "prevailing parties" and award attorneys' fees under Idaho statutory law.

## ANALYSIS

### A.    Authority to Resolve Post-Dismissal Fee Motions

As an initial matter, the Court concludes that it has authority to resolve the post-dismissal fee motions, notwithstanding its lack of personal jurisdiction over the moving defendants. *See generally B.C. v. Plumas Unified Sch. Dist.,* 192 F.3d 1260, 1264 (9th Cir. 1999) ("Federal courts are required *sua sponte* to examine jurisdictional issues ...."). Fee motions present collateral issues, and federal courts may address such matters after dismissal. *See Bautista v. Park W. Gallery,* 388 F. App'x 635, 636–37 (9th Cir. 2010) (affirming that district court did not abuse its discretion in ruling on attorneys' fees request after dismissing movant for lack of

personal jurisdiction); *see also, e.g., Legendz Entertainment, LLC v. Cam Specialty Lending 1, Ltd.*, No. 2:23-cv-03097-ODW, 2024 WL 4582874, at *2 (C.D. Cal. Oct. 25, 2024). *But see, e.g., Flick Mortg. Invs., Inc. v. Metropolis Promotion Invs. & Props. (1993), Ltd.,* No. 04-21900-CIV, 2007 WL 9710909, at *4 (S.D. Fla. Sept. 26, 2007) (concluding that "[a] court that lacks personal jurisdiction over a defendant lacks the power to decide any issue in favor of that defendant; *a fortiori* the defendant cannot be a prevailing party with respect to that litigation").

**B.     The Merits of the Fee Motions**

Turning to the merits, movants assert that Federal Rule of Civil Procedure 54(d)(2) provides the procedural framework for the fee motions and that Idaho law governs the substantive issues. Alliant hasn't challenged that framing, other than to drop a footnote saying that "it seems anomalous that Idaho law would control here, when the only issues that have been litigated prior to dismissal (i.e., re: personal jurisdiction) have been strictly procedural and based on federal law." *Response,* Dkt. 68, at 3 n.2. But after making that footnote observation, Alliant went on to argue that even if the Court were to apply Idaho substantive law, none of the moving defendants qualify as prevailing parties. Under these circumstances, the Court will assume without deciding that Idaho law—as opposed to some other state's law—governs the substantive inquiry. *See generally Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.,* 738 F.3d 960 (9th Cir. 2013) ("state law on

attorney fees is substantive, so state, rather than federal, law applies in determining prevailing party's entitlement to attorney fee award in diversity action").

With this framework in place, the Court turns to Idaho Rule of Civil Procedure 54(d)(1), which guides the prevailing-party determination. That rule provides that "[i]n determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties." Idaho R. Civ. P. 54(d)(1). In exercising this discretion, trial courts focus on three principal factors: "(1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues." *Nguyen v. Bui*, 191 P.3d 1107, 1112 (Idaho Ct. App. 2008).

Having considered these factors, the Court easily concludes that the moving defendants are not prevailing parties. At this point, they have obtained nothing more than an interim procedural victory, based on Alliant's attempt to pursue its claims in the wrong forum. The Court has not weighed in on the substance of any claim, and Alliant is free to pursue its claims in another forum, so the moving defendants remain at risk. In other words, it's not yet possible to compare the "result obtained in relation to the relief sought" in any substantive sense.

The moving defendants cite various Idaho authorities in their effort to

MEMORANDUM DECISION AND ORDER - 4

persuade the Court that they are prevailing parties, including *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594 (Idaho 2007) and *Charney v. Charney*, 356 P.3d 355 (Idaho 2015). Both cases are distinguishable.

Beginning with *Blimka*, defendants cite this case for the broad proposition that "jurisdictional victories can establish prevailing party status." *Evans Mtn. Mem.,* Dkt. 65-1, at 4. But *Blimka* didn't involve a pre-merits dismissal for lack of personal jurisdiction. Rather, the trial court entered a default judgment against two out-of-state defendants who had failed to respond to a complaint. Only after that judgment was in place did the out-of-state defendants appear and move to vacate the default judgment based on an asserted lack of personal jurisdiction. The trial court denied the motion, concluding that it did have personal jurisdiction over defendants. The Idaho Supreme Court affirmed.

The procedural scenario in *Blimka* is a far cry from the one before the Court. Here, the Court simply determined it lacks personal jurisdiction over the defendants; it has not weighed in on the merits of any of plaintiff's claims. In *Blimka*, by contrast, the trial court's default judgment reached the merits, as it held that "defendants committed fraud, breached the implied warranty of merchantability, and breached an express warranty." 152 P.3d at 597. A prevailing-party determination in plaintiff's favor thus made sense in *Blimka.* It does not here.

*Charney v. Charney*, 356 P.3d 355 (Idaho 2015) is also distinguishable. In

that case, the Idaho Supreme Court recognized that "[a] court can determine that a party is a prevailing party even when the proceedings against the party are dismissed without prejudice." *Id.* at 358. The court reasoned that such a dismissal "terminates the proceedings against the party." *Id.* Notably, however, the complaining party in *Charney* had indicated that even though the stipulated dismissal was without prejudice, he did not anticipate refiling. *Id.* Plus, the trial court observed that the statute of limitations would have barred him from refiling in any event. In substance, then, the controversy in *Charney* was over.

The controversy is not over in this case. Alliant can refile if it chooses to do so, and there hasn't been any substantive change in the parties' legal relationship. Moreover, *Charney* doesn't stand for the proposition that a dismissal without prejudice automatically confers "prevailing party" status upon defendants who enjoy such a dismissal. Rather, trial courts still must consider the underlying facts and procedure to determine whether any of the litigants are entitled to that status. Here, for the reasons already noted, this Court does not find that the moving defendants are entitled to "prevailing-party" status—and this is true regardless of whether Alliant decides to file in another jurisdiction.

The Court also notes that the moving defendants have not cited any authority where the facts and procedural history line up with those before the Court. Alliant, by contrast, points to several cases holding that a defendant who successfully

MEMORANDUM DECISION AND ORDER - 6

moves for dismissal for lack of jurisdiction is not a prevailing party because the defendant has failed to attain a material alteration in its legal relationship with the plaintiff. *See, e.g., Wealthy, Inc. v. Cornelia,* No. 2:21-CV-1173 JCM (EJY), 2024 WL 5678984, at *2 (D. Nev. July 26, 2024) (defendants who successfully moved for dismissal for lack of personal jurisdiction were not prevailing parties because "defendants have not attained a material alteration in their legal relationship with plaintiff"); *Joshco Tech., LLC v. Does 1-4,* No. 2:20-cv-00521-JCM-EJY, 2020 WL 7696089, at *1 (D. Nev. Dec. 28, 2020) ("[t]he instant dismissal for lack of personal jurisdiction does not materially alter the legal relationship between the parties."). The Court finds these cases persuasive. The moving defendants have not materially altered their legal relationship with Alliant. As such, it makes little sense to deem them prevailing parties.

For all these reasons, the Court determines, in its discretion, that the moving defendants are not prevailing parties. Accordingly, it is unnecessary to address the remaining arguments. The Court will note, however, that Milton and Tracer Payments' motion will be denied for the additional reason that it was untimely.

## C.    Alliant's Request for Sanctions

Finally, the Court turns to Alliant's request for sanctions. Alliant seeks sanctions under 28 U.S.C. § 1927 or this Court's inherent authority, contending that defense counsel pursued the fee motions without supporting legal authority.

Alliant also says movants' efforts to obtain fees under Idaho's fee-shifting statutes is inconsistent with their earlier arguments that they have not purposefully availed themselves of the "Idaho's forum benefits." *Response,* Dkt. 68, at 16.

The Court will not impose sanctions. Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess … attorneys' fees reasonably incurred because of such conduct." Here, although this Court was not convinced by the movants' arguments, it does not find that the motions "unreasonably and vexatiously" multiplied the proceedings. *See* 28 U.S.C. § 1927. Nor can the Court say that any reasonably careful attorney would have deemed the filing of the motions to be unsound. *See Stradtman v. Republic Servs., Inc.,* 121 F. Supp. 3d 578, 582, 585 (E.D. Va. 2015). Ultimately, defendants' arguments did not carry the day, but they were not so bad as to warrant sanctions.

## ORDER

**IT IS ORDERED that:**

1. The Motions for Attorneys' Fees filed by Defendants Gage Evans (Dkt. 65), Zach Lapole (Dkt. 66), and Christy Milton and Tracer Payments, LLC (Dkt. 67) are **DENIED.**

2.  Plaintiff Alliant, LLC's request for sanctions is **DENIED.**

DATED: May 1, 2026

B. Lynn Winmill
U.S. District Court Judge